UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-10133-Civ-MARTINEZ
MAGISTRATE JUDGE P. A. WHITE

RICHARD TOLBERT,

    Plaintiff,

vs.

MONROE COUNTY JAIL, et al.,

    Defendant(s).

_____/

**REPORT OF**
**MAGISTRATE JUDGE**
**RE AMENDED COMPLAINT**

## I. <u>Introduction</u>

Plaintiff, while confined at the Monroe County Jail, has filed this *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983. He was granted *in forma pauperis* status, after which the initial complaint (DE#1) was screened and a Report (DE#11) entered recommending that the case be dismissed pursuant to §1915A. He has filed objections thereto (DE#16), and an amended complaint (DE#187).

The case has been referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive motions. <u>See</u> 28 U.S.C. §636(b)(1)(B), (C); <u>Fed.R.Civ.P.</u> 72(b), S.D.Fla. Local Rule 1(f) governing Magistrate Judges, and S.D. Fla. Admin. Order 2003-19.

Moreover, pleadings drafted by *pro se* litigants must be liberally construed, <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(*per curiam*), but the Court may review plaintiff's complaint and dismiss the complaint, or any part thereof, if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. <u>See</u> 28 U.S.C. §1915A.

This Cause is presently before the Court for initial screening of the amended complaint (DE#17). The federal statutes authorizing incarcerated plaintiffs leave to file complaints as paupers provide for dismissal of such complaints before docketing or as soon as practicable thereafter. See 28 U.S.C. §1915(e)(2)(B)(i) and 28 U.S.C. §1915A.

## II. Standard of Review

The Prison Litigation Reform Act ("PLRA") requires that the court review "as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from  a governmental entity or officers or employee of a governmental entity." 28 U.S.C. §1915A(a). On review, the district court is required to "identify cognizable claim or dismiss the complaint, or any portion of the complaint," if it "is frivolous, malicious, or fails to state a claim upon which relief can be granted; or, seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(A)(b)(1), (b)(2).

In essence, §1915(A) is a screening process to be applied *sua sponte* and at any time during the proceedings. In reviewing the complaint, the court views all allegations as true. Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004). Complaints that lack any arguable basis in law or fact, nonetheless, may be dismissed. Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," Neitzke, 490 U.S. at 327; when the claims rely on factual allegations that are "clearly baseless," Denton v. Hernandez, 504 U.S. 25, 31 (1992); or, when it appears that the

plaintiff has little or no chance of success. <u>Bilal</u>, 251 F.3d at 1349.

Dismissals for failure to state a claim are governed by the same standard as <u>Fed.R.Civ.P.</u> 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of <u>Fed.R.Civ.P.</u> 12(b)(6)"). Thus, a court may dismiss a complaint if the facts as pleaded do not state a claim for relief that is plausible on its face. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 560-61, 127 S.Ct. 1955, 1968-69, 167 L.Ed.2d 929 (2007)(<u>abrogating</u> <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Additionally, the court may dismiss a case when the allegations in the complaint on their face demonstrate that an affirmative defense bars recovery of the claim. <u>Marsh v. Butler County, Ala.</u>, 268 F.3d 1014, 1022 (11th Cir.2001).

In order to state a §1983 claim, a plaintiff must demonstrate that (1) the defendant(s) deprived plaintiff of a right secured under the Constitution or federal law, and (2) that such a deprivation occurred under color of state law. <u>See</u> <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1175 (11th Cir. 2011)(<u>quoting</u> <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11th Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979)(<u>quoting</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd.</u>

Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

III.   Facts Set Forth in the Amended Complaint (DE#17)

Plaintiff now lists the following Defendants: (1) the Monroe County Jail ("MCJ"); (2) Armor Correctional Health Services ("Armor"); (3) the Monroe County Disciplinary Board ("Disciplinary Board"); (4) Medical Director Dr. Chan; (5) Director Maureen Curello; (6) Sgt. Katz; (7) Program Director Allen; (8) Program Officer Washington; (9) Captain Age; and, Nurse Practitioner Cheryl

---

[1]The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Lombari. (DE#17:1). He is suing the defendants in their individual
and official capacities. (<u>Id</u>.:8).

Plaintiff alleges that while he was pretrial detained at the
Metro-West Detention Center, he was treated for diabetes and
diabetic nerve damage in his feet. (<u>Id</u>.:2). He maintains that since
his arrival at MCJ, he has been denied his medications because the
staff there is "all white" and "racist." He strings together a
plethora of legal terms which he claims he is being subjected to,
including, but not limited to, gross negligence, deliberate
indifference, racial discrimination, culpable negligence, and cruel
and unusual punishment. (<u>Id</u>.:2).

However, in his "statement of facts," Plaintiff alleges that
his right to use the law library was curtailed due to the fact that
he is serving a disciplinary sanction. (<u>Id</u>.:3). According to the
Plaintiff, the existence and enforcement of a policy limiting the
access to the law library while in confinement violates his equal
protection rights. (<u>Id</u>.:4). He further alleges that he is being
deprived of adequate legal supplies, including the use of a
typewriter and printer paper, violates the jail's own rules and
regulations, and impedes his access to the courts. (<u>Id</u>.:8). He
faults Defendants Washington and Allen for enforcement the
unconstitutional policy.

He next sues Armor, along with the Health Director at MCJ, Dr.
Chan, Director Curello, and Nurse Practitioner Lombard, for failing
to have an appeal process in place so that inmates can dispute
denial of certain medications. (<u>Id</u>.:4). He maintains Dr. Chan
refuses to treat the Plaintiff, and has made racist statements
towards Plaintiff, calling him a "monkey." He further alleges that
Armor failed to adequately train its mental health clinicians on

how to handle mental health crisis. (<u>Id</u>.:5). According to the Plaintiff, Defendant Lombard assured Plaintiff that he would be given pain treatment, but has not done so. (<u>Id</u>.:4-5). He also states that being seen by a psychiatrist and psychologist once a week for mental health treatment is inadequate and constitutes gross negligence. (<u>Id</u>.:7).

As to Defendant Katz, Plaintiff alleges that he "assaulted" the Plaintiff and threatened him with a taser gun. (<u>Id</u>.:6). Further, after filing administrative complaints against Defendant Katz, Plaintiff claims Katz again came to his cell door and once again threatened the Plaintiff. (<u>Id</u>.:6).

Plaintiff also claims that cells in the "A" Wing have blackened windows, which effectively block off lights, and constitutes a form of domestic torture. (<u>Id</u>.).

Regarding incoming and outgoing mail, Plaintiff maintains that MCJ's own rules were not followed. (<u>Id</u>.:7). He now states that on more than 10 occasions, legal mail from the Public Defender's Officer, stamped as privileged, was not opened in Plaintiff's presence, contrary to their own rules. (<u>Id</u>.).

He seeks declaratory and injunctive relief. (<u>Id</u>.:2-3). He also seeks compensatory damages. (<u>Id</u>.:8).

## IV.  <u>Discussion</u>

It is well settled law that federal courts must "look behind the label" of an inmate's *pro se* filings and determine whether there is any framework under which his claims might be cognizable. <u>United States v. Nickson</u>, 521 Fed.Appx. 867, 868 (11th Cir.

6

2013)(quoting, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990).

Interference with Legal Mail. As narrated above, the Plaintiff now complains that letters marked "privileged" from his public defender are being opened MCJ officers outside his presence, and then being delivered to him already opened. He also claims that MCJ officers require his attorney to submit legal mail unsealed or else it would be returned to counsel. In this amended complaint, Plaintiff does not identify who has opened his mail, when the mail was opened, and what the contents was of the privileged mail.

A prisoner's right to the free flow of incoming and outgoing mail is protected by the First Amendment. Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). However, a prisoner's right to receive and send mail may be regulated. Johnson v. Goord, 445 F.3d 532, 534 (2d Cir. 2006). Jail officials "may require that all legal mail be clearly marked as such before receiving special treatment." Jackson v. Mowery, 743 F.Supp. 600, 606 (N.D.Ind. 1990).

Moreover, "[S]ince Wolff [v. McDonnell, 418 U.S. 539, 576 (1974)], federal courts have held that properly identified mail addressed to an inmate from his [or her] attorney, the courts, or from various government agencies may not be opened outside the presence of the inmate and, if opened, may be inspected only for contraband, and not read or copied." Burt v. Carlson, 752 F.Supp. 346, 348 (D.Cal. 1990)(citing Jensen v. Lamm, 648 F.2d 1179, 1182 (8th Cir. 1981)); see also Lemon v. Dugger, 931 F.2d 1465, 1467 (11th Cir. 1991); Taylor v. Sterrett, 532 F.2d 462, 475 (5th Cir. 1976).

However, the Supreme Court has said that even though a

prisoner has a right to be present when his legal mail is opened, an isolated incident of mail tampering is usually insufficient to establish a constitutional violation. See Morgan v. Montanye, 516 F.2d 1367, 1371 (2d Cir.1975) (involving a single incident of improper opening of legal mail, but where there was no indication that the plaintiff suffered any damage). Rather, the inmate must show that prison officials and unjustifiably interfered with the incoming legal mail and he suffered damage. Cancel v. Goord, 2001 WL 303713, *4 (S.D.N.Y. 2001) (stating that "in order to survive a motion to dismiss a plaintiff must allege not only that the defendant's alleged conduct was deliberate and malicious, but also that the defendant's actions resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim").

At this juncture, Plaintiff has not set forth sufficient facts to establish the dates his privileged mail were opened or otherwise read, who it opened or read it, and the contents of the privileged mail. Further, while in his prior complaint he stated there was only 1 incident of such activity, he now states there were 10, but provides no dates, times, or other factual information in support of this conclusory claim. As drafted, the claim is legally insufficient to show a constitutional violation. See Morgan v. Montanye, supra. In other words, for Plaintiff's claims involving his outgoing and incoming legal mail to rise to the level of a constitutional violation, he must not only allege an intentional delay of, or interference with his legal mail, but he must also allege that he suffered some prejudice to the claim which is subject to that mail. See Richardson v. McDonnell, 841 F.2d 120, 122 (5th Cir. 1988) (stating that "we recently held that a cause of action may be stated under 42 U.S.C. §1983 for prison officials' intentional withholding of mail destined for the courts, where it

8

is also alleged that the intentional delay damaged the prisoner's legal position").

The Plaintiff here does not assert that the opening or reading of his outgoing or incoming legal mail affected his ability to prepare or transmit legal documents or in any way effected his access to the courts. See, Lewis v. Grider, 27 Fed.Appx. 282, 283 (6th Cir. 2001) (prisoner's claim for interference with access to courts through opening legal mail failed "as he alleged no prejudice to any pending litigation"); see also Lewis v. Cook County Bd. of Commr's, 6 Fed. App'x. 428, 430 (7th Cir. 2001) (plaintiff could not prevail when he did "not describe a single legal case or claim that was in any way thwarted because the mail room staff opened his legal mail"). Thus, the right that is being protected by the rules regarding the treatment of legal mail, to-wit, the First Amendment right to access to the courts, has not been sufficiently pled to survive §1915(e) screening. Therefore, the claim is subject to dismissal for failure to state a claim upon which relief can be granted.

Limited Access to Library. Plaintiff alleges that while in Disciplinary Confinement, he had no access to the law library. He states the policy of the jail in this regard is unconstitutional and the enforcement of the policy by Defendants Washington Allen should not be permitted.

It is well-settled that prisoners have a constitutional right to access to the courts. Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998). This right, however, is not unlimited. Lewis v. Casey, 518 U.S. 343, 356, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). To state a constitutional claim, a plaintiff must show that he suffered an "actual injury." Bass v. Singletary, 143 F.3d 1442,

1445 (11th Cir. 1998) (*citing* <u>Lewis</u>, 518 U.S. at 346. "An inmate must prove that the defendants' actions hindered or frustrated his efforts to pursue a non-frivolous direct criminal appeal, habeas petition, or civil rights action. <u>Lewis</u>, 518 U.S. at 354, 116 S.Ct. at 2181-82." <u>Denney v. Nelson</u>, 304 Fed.Appx. 860, 863 (11th Cir. 2009). Therefore, "an access-to-the-courts claim may not proceed without an allegation of actual injury regarding prospective or existing litigation—such as missing filing deadlines or being prevented from presenting claims—while in the pursuit of specific types of nonfrivolous cases: direct or collateral attacks on sentences and challenges to conditions of confinement." <u>Wilson v. Blankenship</u>, 163 F.3d at 1290 & n.10) (internal quotations omitted).

Further, the conditions imposed in "administrative segregation and solitary confinement do not, in and of themselves, constitute cruel and unusual punishment." <u>Sheley v. Dugger</u>, 833 F.2d 1420, 1428-29 (11th Cir. 1987). "Although prisoners do not shed all constitutional rights at the prison gate, ... lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," and "[u]nder certain circumstances, administrative segregation is a necessary limitation of privileges and rights that incarceration demands." <u>Sandin v. Conner</u>, 515 U.S. 472, 485, 115 S.Ct. 2293, 2306, 132 L.Ed.2d 418 (1995). Here, Plaintiff has not shown that his confinement violated his constitutional rights, much less that he suffered a denial of access to the courts as a result.

His Fourteenth Amendment access to courts claims based on conditions of the prison law library, the lack of a typewriter, printing paper also fails. Plaintiff has not established any injury

due to allegedly inadequate legal materials, typewriters, or writing/printing paper. To the contrary, he has been able to effectively file motions and pleadings in this case. Thus, this claim is subject to dismissal. See Wilson v. Blankenship, 163 F.3d 1284, 1290-91 (11th Cir. 1998).

Harassment. The alleged harassment of Plaintiff also does not rise to the level of "cruel and unusual punishment" as required to state an Eighth Amendment claim. Generally speaking, "prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004) (quotations omitted). In this case, Plaintiff only alleges that he was verbally harassed him. While his allegations may be true, the Constitution does not generally protect inmates against "[f]ear or emotional injury which results solely from verbal harassment or idle threats." Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991). Thus, an allegation of "verbal abuse alone is insufficient to state a constitutional claim ." Hernandez v. Fla. Dep't of Corr's, 281 Fed.Appx. 862, 866 (11th Cir. 2008); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir. 1983) ("mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations"). He has also not demonstrated that his limited access to the law library was inhumane or caused him to be deprived of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 349, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). His Complaint thus fails to state an Eighth Amendment claim.

Equal Protection Claim. Plaintiff may also be attempting to state a Fourteenth Amendment equal protection claim. In his amended complaint, Plaintiff makes the conclusory allegation that the

defendants' actions have denied him "equal protection." His pleading, however, does not allege sufficient facts to support his claims. He does not demonstrate that he was treated differently based on a constitutionally protected interest or identify facts sufficient to state a possible "class of one" equal protection claim. See Jones v. Ray, 279 F.3d 944, 946–47 (11th Cir. 2001); Campbell v. Rainbow City, Ala., 434 F.3d 1306, 1314 (11th Cir. 2006)). Any attempted "equal protection claim" thus fails.

Retaliation. Plaintiff also alleges that he has been retaliated against by Defendant Katz for exercising his First Amendment free speech, by placing him in segregation after he filed administrative complaints against him. He suggests that Katz has also been verbally threatening him. For the reasons previously stated, verbal threats alone do not state a violation, and thus this claim is subject to dismissal.

Regarding the retaliation claim against Katz, "[T]he First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech." Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). It is well established that a prisoner exercises his First Amendment right when he complains about his conditions of confinement. Id. To state a retaliation claim, a plaintiff must allege that (1) his speech or act was constitutionally protected, (2) the defendant's retaliatory conduct adversely affected the protected speech, and (3) there is a causal connection between the retaliatory actions and the adverse effect on speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). To establish a claim for retaliation, the inmate must show a causal connection between his protected conduct and the prison official's action. Farrow, 320 F.3d at 1248–49.

Accepting the allegations of the complaint as true, Plaintiff suggests that he was placed in segregation because he filed grievances against Katz, Plaintiff has not demonstrated a causal connection between any protected expression and the purported disciplinary report(s), nor has he shown that his speech or act was constitutionally protected. Thus, he has failed to state a claim for which relief can be granted. See Smith v. Sec'y, Fla. DOC, 358 Fed. Appx. 60, 62 (11th Cir. 2009).

Denial of Medical Care. Plaintiff states he has not received any medications for nerve damage to his feet since he arrived at MCJ because the staff there is "all white" and "racist." He does not identify who has denied him the medication, when the medication was prescribed and then denied. He acknowledges, however, that he is being denied "certain" medications, but does not clarify which. He suggests that there is no procedure in place for an appeal of this denial, and faults the Medical Director, Defendant Dr. Chan, Nurse Practitioner Lombard, and Director Curello for failing to establish a procedure. This claim, as currently presented fails to establish a deliberately indifference claim. He seems to be disagreeing with a course of treatment, rather than a complete denial of medical care, because he claims he is being denied pain medication by Defendant Lombard. However, he does not provide sufficient information to go forward on a deliberate indifference claim.

Plaintiff was previously cautioned that he needed to be more specific regarding the nature of his claim. He has not done so here. This claim does not survive §1915(e) screening. He has failed to state when he requested to be seen by medical, nor what treatment or medication he was denied, but rather suggests that the pain medication he wants is not being provided.

To state a constitutional claim based upon a failure to provide adequate medical care, a prisoner must establish that a prison official exhibited "deliberate indifference" to his "serious medical needs," <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), and show that the defendant's conduct caused the harm of which he complains. <u>Goebert v. Lee County</u>, 570 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious where the denial of treatment would result in the "unnecessary and wanton infliction of pain." <u>Estelle</u>, 429 U.S. at 103.

Again, Plaintiff has not identified when he was denied the pain medication. He also appears to have receded from his prior allegation regarding his denial of medical treatment. He does not provide sufficient information to state a plausible claim. Thus, to state a viable claim for relief in a 42 U.S.C. §1983 action, the conduct complained of must have deprived the plaintiff of rights, privileges or immunities secured by the Constitution. <u>American Manufacturers Mutual Ins. Co. v. Sullivan</u>, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); <u>Parratt v. Taylor</u>, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); <u>Willis v. University Health Serv's, Inc.</u>, 993 F.2d 837, 840 (11th Cir. 1993). The claim as stated in the amended complaint is subject to dismissal for failure to state a claim upon which relief can be granted.

<u>Monell Claim</u>. As summarized above, Petitioner alleges that his constitutional rights were violated by MCJ and Armor. However, neither is a person, subject to suit under 1983. Section 1983 provides a private cause of action for a government's unconstitutional actions. <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). It does not impose liability simply on the basis of an employer-employee relationship with an alleged tortfeasor, that is,

respondeat superior liability. Id.; see also McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Instead, a plaintiff asserting a §1983 claim must show that the governing body itself caused his or her injury. McDowell, 392 F.3d at 1289, In other words, the plaintiff must show: "(1) that his constitutional rights were violated; (2) that the [government] had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." Id. (citing City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). No such showing has been made here. Moreover, MCJ is not a "person" within the meaning of §1983. See Gardner v. Riska, 444 Fed.Appx. 353, 355 (11th Cir. 2011)(citing Edwards v. Wallace Comty. Coll., 49 F.3d 1517 (11th Cir. 1995)). Because Armor and MCJ are not a person, they are not subject to suit under §1983.

Preliminary and Injunctive Relief Claims. Plaintiff seeks preliminary and injunctive relief which is also due to be dismissed. Plaintiff has not made a sufficient showing to grant the requested relief. Granting or denying a temporary restraining order or preliminary injunction rests in the discretion of the district court. "The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002) (citations omitted). This court may grant a preliminary injunction only if Plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat irreparable injury will occur absent issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. Palmer, 287 F.3d at 1329; McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306

(11th Cir. 1998); <u>Cate v. Oldham</u>, 707 F.2d 1176 (11th Cir. 1983); <u>Shatel Corp. v. Mao Ta Lumber and Yacht Corp.</u>, 697 F.2d 1352 (11th Cir. 1983); <u>see also</u> <u>Parker v. State Board of Pardons and Paroles</u>, 275 F.3d 1032, 1034–35 (11th Cir. 2001). No such showing has been made here.

"In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion'" as to the four requisites." <u>McDonald's</u>, 147 F.3d at 1306; <u>All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc.</u>, 887 F.2d 1535, 1537 (11th Cir. 1989)(a preliminary injunction is issued only when "drastic relief" is necessary); <u>Texas v. Seatrain Int'l, S.A.</u>, 518 F.2d 175, 179 (5th Cir. 1975)(grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. <u>Church v. City of Huntsville</u>, 30 F.3d 1332, 1342 (11th Cir. 1994); <u>see also</u> <u>Siegel v. Lepore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000)(noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

"'The chief function of a preliminary injunction is to preserve the status quo until the merits of the controversy can be fully and fairly adjudicated.' <u>Northeastern Fl. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fl.</u>, 896 F.2d 1283, 1284 (11th Cir. 1990)." <u>Suntrust Bank v. Houghton Mifflin Co.</u>, 268 F.3d 1257, 1265 (11th Cir. 2001). The "extraordinary remedy" provided by an injunction is only available when a "legal right has been infringed by an injury for which there is no adequate legal

16

remedy and which will result in irreparable injury if the injunction does not issue." _Alabama v. United States Army Corps of Eng'rs_, 424 F.3d 1117, 1127 (11th Cir. 2005).

In his complaint, plaintiff requests permanent injunctive relief against MCJ and the named Defendants. The standard for a permanent injunction is essentially the same as for a preliminary injunction except that plaintiff must also show actual success on the merits instead of a likelihood of success." _Klay v. United Healthgroup, Inc._, 376 F.3d 1092, 1097 (11th Cir. 2004) (quoting _Siegel_, 234 F.3d at 1213). In addition to succeeding on the merits, a plaintiff must "demonstrate the presence of two elements: continuing irreparable injury if the injunction does not issue, and the lack of an adequate remedy at law." _Siegel_, 234 F.3d at 1213 (quoting _Newman v. State of Ala._, 683 F.2d 1312, 1319 (11th Cir. 1982)).

At this juncture, plaintiff has not set forth a sufficient showing to warrant the entry of preliminary or permanent injunctive relief. The standing analysis for a plaintiff who seeks declaratory relief, requires a determination of whether the plaintiff has sufficiently shown a real and immediate threat of future harm. _See City of Los Angeles v. Lyons_, 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). There must be a credible threat that the injury will be repeated imminently to justify declaratory or injunctive relief. _Elend v. Basham_, 471 F.3d 1199, 1207, 1208 (11th Cir. 2006). No such showing has been made here.

_Remaining Allegations/Claims_. The remaining conclusory allegations of gross negligence, racial discrimination, culpable negligence, and cruel and unusual punishment should also be dismissed for failure to state a claim upon which relief can be

granted. (<u>Id</u>.:2). He provides no factual support or any information regarding these allegations. Rather, he strings them together in a paragraph, without any information whatsoever. (<u>Id</u>.:1-2).

V.   <u>Conclusion</u>

For all of the foregoing reasons, the court concludes that Plaintiff would have little or no chance of success on his claims as set forth in the Amended Complaint. Accordingly, it remains the recommendation of the Undersigned that the Complaint (DE#1) be dismissed as set forth in the Undersigned prior Report; and, that the instant Amended Complaint (DE#17) be dismissed, pursuant to §1915A, as frivolous, and for failure to state a claim upon which relief can be granted. <u>Carroll</u>, 984 F.2d at 393. Finally, it remains the recommendation of the undersigned that this case be closed.

Nevertheless, the Plaintiff should be permitted to file a final amended complaint, if he so chooses, by a date certain, curing the deficiencies, if possible, here solely as it relates to his claim regarding the his access to courts claim. <u>See</u> <u>Allen v. Evans</u>, 2011 WL 1162386 at *3 (D. Del. Mar. 29, 2011)(finding that before dismissal of a complaint or claim for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §1915, the court must grant plaintiff leave to amend the complaint, unless amendment would be inequitable or futile)(citing <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 114 (3rd Cir. 2002)). However, if no amended complaint is filed by the date so ordered, then this matter should be dismissed and the case closed.

As one court previously instructed, the *pro se* plaintiff

should be advised as follows:

> An amended complaint operates as a complete substitute
> (rather than a mere supplement to) the present complaint.
> In other words, an amended complaint supersedes the
> original in its entirety, making the original as if it
> never existed. Therefore, reference to a prior pleading
> or another document is unacceptable-once Plaintiff files
> an amended complaint, the original pleading or pleadings
> will no longer serve any function in this case.
> Therefore, in amended complaint, as in an original
> complaint, each claim and the involvement of each
> defendant must be sufficiently alleged....[The Amended
> Complaint] may not incorporate any part of the original
> complaint by reference, and it must be clearly labeled
> the "Amended Complaint" and must contain the same cause
> number as this case...In order to make a short and plain
> statement of claims against the defendants, [P]laintiff
> should include factual allegations that explain how each
> named defendant was involved in the denial of his rights.

See Vasquez v. Pierce County Jail, 2012 WL 1377098 at *5 (W.D.
Wash. Apr. 18, 2012)(internal citation omitted).

Plaintiff should be reminded that for each separate
allegation, the Final Amended Complaint should identify the
specific defendant or defendants against whom the claim is brought
and the constitutional or federal law the plaintiff contends was
violated. It should also contain clear, specific factual
allegations with respect to the conduct of each defendant that
plaintiff contends violated his rights and the date on which the
alleged conduct took place. Plaintiff should be cautioned that the
final amended complaint will be the sole, operative complaint in
this case. Plaintiff should finally be warned that the failure to
file a final amended complaint by the date provided may result in
the dismiss of the case without prejudice for failure to state a
claim upon which relief can be granted.

Plaintiff should also be reminded to refrain from filing claims that are unrelated or do not arise out of the same transaction, event, or occurrence concerning the access to courts claim because they will be subject to dismissal for the reasons previously stated in this Report.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. See 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Henley v. Johnson, 885 F.2d 790,794 (1989); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988); RTC v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 27th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Richard Cordell Tolbert, Pro Se
     Inmate/Jail #1400771
     Monroe County Jail
     Inmate Mail/Parcels
     5501 College Road
     Key West, FL 33040